**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1117
_____

CRISTIAN BLADIMIR URBINA-NUNEZ;
VERONICA ELIZABETH MOSCOSO-SOLIS; M.A. U.-M.; L.E. U.-M.,
                                                                          Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A220-459-411, -412, -413 & -414)
Immigration Judge: Maria Akalski
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 31, 2025

Before: BIBAS, SCIRICA, and SMITH, *Circuit Judges*

(Filed: November 7, 2025)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

Drug dealers need drivers. Cristian Urbina-Nunez, a truck driver in Ecuador who owned

his own truck, was an appealing target. Members of the Los Choneros gang asked him to

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

transport freight for them, but twice he refused. So they showed up at his house with a pistol, asked him again, and threatened to kill him and his family if he said no. Gang members also called him about thirty times, warning that he would "pay" for his refusal. AR 185. When he reported the threats to the authorities, police started investigating. But Urbina did not follow up with police. Instead, several months later, he, his wife Veronica Moscoso-Solis, and their two children M.A. and L.E. fled to Ecuador and entered the United States illegally.

Soon after arriving in the United States, Urbina and his family were caught and removal proceedings began. Both Urbina and his family conceded that they were removable, but sought asylum for the family and withholding of removal for Urbina. (Though Urbina also invoked the Convention Against Torture, he later dropped that claim on appeal.)

To get asylum, Urbina and his family must be refugees: "unable or unwilling" to return to their home country "because of persecution or a well-founded fear of persecution" on account of a protected characteristic. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). Urbina claimed persecution based on his political opinion and membership in a particular social group. He did not spell out what particular social group he belonged to, so the immigration judge identified his group as Ecuadorian truck drivers.

The immigration judge denied relief and ordered the family removed. She found that truck drivers share no immutable characteristic and there was no record evidence that Ecuadorians view them as socially distinct. In any event, Urbina had not shown past or future persecution based on group membership; the gang's motive was to make money, not to harm truck drivers. Plus, prosecutors had accepted Urbina's complaint and started

2

investigating, and Ecuadorian authorities are willing and able to act against violent criminals. And Urbina admitted that he was not threatened because of any political activity.

Urbina appealed, trying to claim membership in a new particular social group of "slave[s] of the [Los] Choneros [gang]," which allegedly is part of a political party. AR 10. But the Board of Immigration Appeals affirmed the initial decision and declined to remand for the immigration judge to consider this new group. Urbina's social group made no difference. The Los Choneros gang still acted out of ordinary criminal motives. And the Board was not persuaded that the "slave[s] of the Choneros" were linked to a political party or that Urbina was targeted because of a political opinion.

We review the immigration judge's and Board's factual findings for substantial evidence, deferring "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B); *see also Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020). We review legal issues de novo. *Herrera-Reyes*, 952 F.3d at 106.

Urbina tries to separate his skill at driving freight trucks from the job itself, hoping to show that he was targeted for an inherent trait. But he offered no evidence that being a truck driver required specialized skills or training. In any event, the category is neither immutable nor fundamental because he could sell his truck and leave the industry. *See Manuel-Soto v. Att'y Gen.*, 121 F.4th 468, 471 (3d Cir. 2024).

Besides, repackaging the group does not matter. His group was not the "one central reason" for persecution; "money" and "recruiting" were. *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 686 (3d Cir. 2015). And the "'particular social group' must exist independently of the persecution." *Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003). Yet

3

nothing makes Urbina a "slave of the Choneros" apart from being targeted by the gang. And he did not show that the Ecuadorian government was unwilling or unable to protect him.

We will thus deny the family's petition for review.